UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES, JON K. MCPHERSON, RICHARD D. COX, M. SCOTT HENDERSON, JASON PARADIS and GENEROSO DEL ROSARIO<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br><br>Plaintiffs,<br><br>v.<br><br>MILES MANAGEMENT CORP.<br>d/b/a MILES BI-RITE<br>4127 E 13lst Street<br>Cleveland, OH 44105<br><br>Serve: Sal Onorato<br>       Miles Management Corp.<br>       4127 E. 131st Street<br>       Cleveland, OH 44105<br><br>Defendant. | Case No. 1:20-cv-2715 |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Miles Management Corp. d/b/a Miles Bi-Rite, Inc. ("Miles Bi-Rite" or "Defendant") as follows:

**Introduction**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of

1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendant for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

### Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, Jon K. McPherson, Richard D. Cox, M. Scott Henderson, Jason Paradis, and Generoso Del Rosario are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. Defendant Miles Bi-Rite is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and

2

(12). Upon information and belief, Miles Bi-Rite is a corporation organized under the laws of the State of Ohio with a principal place of business in Cleveland, Ohio.

## Governing Documents

7. At all times relevant to this action, Miles Bi-Rite employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union No. 880 ("Local 880"), a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Miles Bi-Rite was bound by Collective Bargaining Agreements ("CBAs") obligating Miles Bi-Rite to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

9. Under the CBAs, Miles Bi-Rite agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Miles Bi-Rite to submit monthly pension contributions to the Fund.

10. Miles Bi-Rite was also party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Miles Bi-Rite to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

## Factual Allegations

11. The Fund determined that in the Plan Year ended June 30, 2016, Miles Bi-Rite effected a "partial withdrawal" from the Fund, as defined in Section 4205 of ERISA, 29 U.S.C. § 1385 ("2016 Partial Withdrawal").

3

12. The Fund determined that as a result of the 2016 Partial Withdrawal, Miles Bi-Rite incurred withdrawal liability to the Fund in the amount of $92,668.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13. On or about February 15, 2018, the Fund issued a Notice and Demand for payment of withdrawal liability for the 2016 Partial Withdrawal in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

14. This Notice and Demand for payment informed Miles Bi-Rite that its withdrawal liability for the 2016 Partial Withdrawal was $92,668.00, payable in 80 quarterly installment payments of $1,589.00. The Notice and Demand stated the first quarterly payment was due on or before March 1, 2018.

15. The Fund later determined that in the Plan Year ended June 30, 2018, Miles Bi-Rite effected a "partial withdrawal" from the Fund, as defined in Section 4205 of ERISA, 29 U.S.C. § 1385 ("2018 Partial Withdrawal").

16. The Fund determined that as a result of the 2018 Partial Withdrawal, Miles Bi-Rite incurred withdrawal liability to the Fund in the amount of $43,174.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

17. On or about May 23, 2019, the Fund issued a Notice and Demand for payment of withdrawal liability for the 2018 Partial Withdrawal in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

18. This Notice and Demand for payment informed Miles Bi-Rite that its withdrawal liability for the 2018 Partial Withdrawal was $43,174.00, payable in 27 quarterly installment payments of $1,920.00 plus a final quarterly payment of $1,064.00. The Notice and Demand stated the first quarterly payment was due on or before July 1, 2019.

19. Miles Bi-Rite was late in making its quarterly payments for the 2018 Partial Withdrawal due on July 1, 2019, October 1, 2019, and January 1, 2020 and failed to make its quarterly payment due April 1, 2020. Additionally, Miles Bi-Rite was late in making its quarterly payments for the 2016 Partial Withdrawal due on September 1, 2019 and December 1, 2019 and failed to make its quarterly payment due March 1, 2020.

20. By letter dated February 26, 2020, the Fund notified Miles Bi-Rite that it was, at the time, delinquent on its withdrawal liability installment for the 2018 Partial Withdrawal due on January 1, 2020 and that Miles Bi-Rite had until April 26, 2020 to cure the delinquency or the Fund would consider it in default of its withdrawal liability obligation.

21. Miles Bi-Rite cured the delinquent January 1, 2020 withdrawal liability installment payment for the 2018 Partial Withdrawal. However, Miles Bi-Rite then became delinquent for the March 1, 2020 installment payment due on the 2016 Partial Withdrawal and the April 1, 2020 installment payment due on the 2018 Partial Withdrawal.

22. Neither Miles Bi-Rite nor any other trade or business under common control has cured the delinquent withdrawal liability installment payments due March 1, 2020 and April 1, 2020.

23. Under the Fund's Withdrawal Liability Rules, the Fund may accelerate the occurrence of a default without notice or demand to the Employer if there is a substantial likelihood that the Employer will be unable to satisfy its withdrawal liability obligations.

24. The Fund has determined Miles Bi-Rite to be in immediate default because there is a substantial likelihood it will be unable to satisfy its withdrawal liability obligations, given that Miles Bi-Rite has failed to pay the quarterly payments due March 1, 2020 and April 1, 2020 and has been habitually late in making previous payments. Therefore, because Miles Bi-Rite is in default, the entire amount of unpaid withdrawal liability from the 2016 Partial Withdrawal and the

2018 Partial Withdrawal, plus accrued interest, is due and owing under Section 4219(C)(5)(A) of ERISA, 29 U.S.C § 1399(C)(5)(a).

25. Neither Miles Bi-Rite nor any other trade or business under common control requested plan sponsor review or arbitration of the withdrawal liability assessment within the time periods specified in Sections 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1), foreclosing any challenge to the Fund's assessment and fixing the amounts due.

## COUNT I: WITHDRAWAL LIABILITY

26. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

27. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

28. Miles Bi-Rite is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire unpaid balance of the withdrawal liability, plus interest, is now due and owing.

29. Accordingly, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant is liable for all unpaid withdrawal liability in the amount of $117,370.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of at least $23,474.00; and attorneys' fees and costs incurred by the Fund in pursuing this action.

## Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

(a) Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $117,370.00 in withdrawal liability;

(2) Additional interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accruing from the date of default until the date paid;

(3) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $23,474.00 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Attorneys' fees and costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and;

(b)     Retain jurisdiction of this case pending compliance with its Orders; and

(c)     Grant Plaintiffs such other and further relief as may be just and proper.

Dated: May 5, 2020                    Respectfully submitted,

/s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Kristina F. Salamoun, Esq. (Bar No. 89157)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C.  20036
(202) 797-8700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3444

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).